THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11 BONNIE JOHNSON,                           Case No. C09-1721-JCC

12                    Plaintiff,              FINDINGS OF FACT &
                                              CONCLUSIONS OF LAW
13         v.

14 UNITED STATES OF AMERICA,

15                    Defendant.

16 _____

17
18 UNITED STATES OF AMERICA,

19                    Plaintiff,

20         v.

21 BONNIE JOHNSON and BRIAN TOMS,

22                    Counterclaim Defendants.

23        This matter comes before the Court after a bench trial. (*See* Dkt. No. 21.) Having heard

24 the testimony of the witnesses and considered those exhibits which were admitted at trial, and

25 having heard the arguments of counsel, the Court makes the following findings of fact and

26 conclusions of law.

ORDER, C09-1721-JCC
PAGE - 1

I.      FINDINGS OF FACT

**A. Background**

1.      Rascal's, Inc. was a Washington Corporation with a principal place of business in Des Moines, Washington. Rascal's, Inc. operated as a casino.

2.      In the third and fourth quarters of 2005, Rascal's, Inc. did not fully deposit the required income and Federal Insurance Contributions Act taxes withheld during those quarters from its employees' wages.

3.      During the time when Rascal's, Inc. was not making its federal quarterly tax deposits, Rascal's, Inc. was still bringing in revenue, making payments to other creditors, and making payroll.

4.      In May 2007, the Internal Revenue Service (IRS) made assessments against Brian Toms in the amounts of $135,823.29 and $138,674.16 pursuant to Section 6672 of the Internal Revenue Code for Rascal's, Inc.'s nonpayment of withheld taxes during quarters three and four of 2005.

5.      In December 2007, the IRS made an assessment against Bonnie Johnson in the amount of $116,229.41 for the nonpayment of withheld taxes from the third quarter.

6.      Rascal's, Inc. ceased its business operations in or around June 2006.

**B. Bonnie Johnson**

1.      Johnson was an hourly employee of Rascal's, Inc. Johnson had check-signing authority for Rascal's, Inc. and signed and prepared tax returns for Rascal's, Inc.

2.      Johnson held the title of Chief Financial Officer at Rascal's, Inc. However, she was not a member of the board of directors of Rascal's, Inc. and was not an officer or shareholder of Rascal's, Inc.

3.      Johnson did not authorize the payment of federal tax deposits by Rascal's, Inc.

4.      Johnson did not have the authority to sign financial contracts on the behalf of Rascal's, Inc.

ORDER, C09-1721-JCC
PAGE - 2

5.      Johnson once informed a colleague that she was fired, but Johnson did not have general authority to hire and fire employees.

6.      Johnson was authorized to pay vendors that came in the morning before Toms arrived. Otherwise, Johnson paid vendors and creditors only as instructed by Toms.

7.      Johnson did not have the authority to pay the IRS without first receiving permission from Toms.

8.      Johnson filed a claim with the IRS for a tax refund for $797.44 and a claim for an abatement of the IRS assessment against her. In July 2008, the IRS rejected her claims but informed her that she could appeal the decision.

9.      In August 2008, Johnson timely filed a request for an appeals conference in accordance with IRS procedures. Johnson made several subsequent requests for an appeals conference in August and September 2008.

10.     Johnson received no response until July 2009 when the IRS informed Johnson that she would not be granted an appeals conference and that it had erroneously informed her that she had a right to appeal.

**C.  Brian Toms**

1.      Toms began working at Rascal's, Inc. in mid-2004. Toms was a salaried employee of Rascal's, Inc. and received at least one raise while working there.

2.      Toms was a board member of Royal Management, the company that owned Rascal's, Inc. Toms also held the title of Secretary/Treasurer of Rascal's, Inc. The records of the Washington State Secretary of State reflect that Toms was the Secretary/Treasurer of Rascal's, Inc.

3.      Toms held the position of operations manager of Rascal's, Inc. and was in charge of its daily operations. Toms had the ability to hire and fire employees and did so on multiple occasions. Employees, including managers, reported directly to Toms. If an employee or a manager had an issue, they would discuss it with Toms.

ORDER, C09-1721-JCC
PAGE - 3

4.      Toms was aware of the financial status of Rascal's, Inc. Toms routinely discussed what bills should be paid with Johnson.

5.      Toms had signature authority on the accounts of Rascal's, Inc. during the third and fourth quarters of 2005.

6.      Toms had access to the checkbooks of Rascal's, Inc. He had the ability to write checks on the accounts of Rascal's, Inc., and he exercised this authority.

7.      Toms was responsible for making the federal tax withholding deposits and the electronic transfers for payroll taxes.

8.      Toms was aware that during the time when Rascal's, Inc.'s federal taxes were not being paid, other vendors were being paid and payroll was met.

9.      Toms met with the IRS to discuss how Rascal's, Inc. could become current on its delinquent taxes. The IRS interviewed Toms, and Toms filled out IRS Forms 433-A and 433-B.

10.     In the interview with the IRS, Toms indicated that his duties at Rascal's, Inc. included determining its financial policy, directing or authorizing payment of bills, opening or closing bank accounts for Rascal's, Inc., guaranteeing or co-signing loans, signing or counter-signing checks, authorizing or signing payroll checks, authorizing or making Federal Tax Deposits, and preparing, reviewing, signing, and transmitting payroll tax returns.

II.     CONCLUSIONS OF LAW

1.      Jurisdiction is vested in this Court by virtue of 28 U.S.C. § 1346 and 26 U.S.C. § 7422.

2.      This Court has personal jurisdiction over all parties.

3.      Venue is proper in this Court.

4.      Employers must withhold federal social security and individual income taxes from employees' wages and remit the amount withheld to the IRS. *See* 26 U.S.C. §§ 3102(a), 3402(a); *Davis v. United States*, 961 F.2d 867, 869 (9th Cir. 1992). The amounts are collected

by the employer each salary period. *See Davis*, 961 F.2d at 869. In the interim, the employer

holds the funds in trust for the IRS. *Id.*

     5.     As a mechanism to ensure that employers withhold and remit taxes, Section

6672(a) of the Internal Revenue Code provides:

> Any person required to collect, truthfully account for, and pay over any tax
> imposed by this title who willfully fails to collect such tax, or truthfully account
> for and pay over such tax, or willfully attempts in any manner to evade or defeat
> any such tax or the payment thereof, shall, in addition to other penalties
> provided by law, be liable to a penalty equal to the total amount of the tax
> evaded, or not collected, or not accounted for and paid over.

     6.     Under Section 6672, the United States must meet a two-part test to establish

liability. The United States must demonstrate (1) that the person is a "responsible person"

within the meaning of Section 6672 and (2) that the person acted "willfully" in failing to

collect or remit the taxes. *Davis*, 961 F.2d at 869–70.

     7.     Under Section 6672, "Responsibility is a matter of status, duty, and authority,

not knowledge." *Id.* at 873. Responsibility "turns on the scope and nature of an individual's

power to determine how the corporation conducts its financial affairs." *Purcell v. United

States*, 1 F.3d 932, 937 (9th Cir. 1993). A "responsible person" includes one who exercises

significant control over what bills should or should not be paid and when. *Turner v. United

States*, 423 F.2d 448, 449 (9th Cir. 1970).

     8.     While the mechanical duties of signing checks and preparing tax returns taken

alone are not determinative of liability under Section 6672, they can be indicators of

responsibility. *Godfrey v. United States*, 748 F.2d 1568, 1575 (Fed. Cir. 1984). Other

indicators include: control of payroll disbursements; authorizing payment of federal tax

deposits; authority to sign financial contracts; status as an officer, shareholder, or director of

the corporation; authority to hire and fire employees; and authority to control the financial

affairs of the corporation. *See, e.g., id.*; *Jordan v. United States*, 359 Fed. Appx. 881, 882 (9th

Cir. 2009); *U.S. v. Jones*, 33 F.3d 1137, 1140 (9th Cir. 1994); *Williams v. United States*, 931

F.2d 805, 810 (11th Cir. 1991). The most critical factor is having significant control over the enterprise's finances. *Jones*, 33 F.3d at 1140.

     **A.**     **Bonnie Johnson**

     1.     Bonnie Johnson was not a responsible person at Rascal's, Inc. under Section 6672 of the Internal Revenue Code.

     2.     While Johnson was aware of the nonpayment of withheld taxes, Johnson did not have the status, duty or authority necessary to be liable under Section 6672.

     3.     Johnson only satisfies two of the factors indicating responsibility: she had check-signing authority and she prepared and signed tax returns. However, those two factors alone are not determinative of liability under Section 6672. *See Godfrey*, 748 F.2d at 1575.

     4.     While Johnson held the title of CFO, she was not a member of the board of directors and was not an officer or shareholder of Rascal's, Inc. Johnson did not have control of the payroll. Johnson did not authorize the payment of federal tax deposits. Johnson did not have the authority to sign financial contracts on Rascal's, Inc.'s behalf. While Johnson may have once informed a colleague that she was fired, Johnson did not have general authority to hire and fire employees.

     5.     Most importantly, Johnson did not have significant control over Rascal's, Inc.'s finances. Johnson's only exercise of independent financial control was in paying vendors in the morning before Toms arrived. Otherwise, Johnson awaited instructions from Toms as to what vendors and creditors she should pay. Additionally, Johnson did not have the authority to pay the IRS without first receiving permission from Toms.

     6.     Johnson is a prevailing party in this matter as that term is defined in 28 U.S.C. 7430(b)(4). Johnson has exhausted her administrative remedies.

     **B.**     **Brian Toms**

     1.     Brian Toms was a responsible person at Rascal's, Inc. under Section 6672 of the Internal Revenue Code.

ORDER, C09-1721-JCC
PAGE - 6

2.      Toms satisfies a majority of the factors indicating responsibility. Toms exercised significant control over what bills would and would not be paid. Toms had great discretion in determining what vendors and creditors to pay. Toms had full check-signing authority on Rascal's, Inc.'s behalf. Toms prepared and signed tax returns. Toms made the electronic transfers for payment of payroll taxes. Toms had the authority to hire or fire employees.

3.      Toms had significant control of Rascal's, Inc.'s finances. As Toms stated in his IRS interview, his duties at Rascal's, Inc. included determining financial policy for the business, directing or authorizing payment of bills, opening or closing bank accounts for the business, guaranteeing or co-signing loans, signing or counter-signing checks, authorizing or signing payroll checks, authorizing or making Federal Tax Deposits, and preparing, reviewing, signing, and transmitting payroll tax returns.

4.      Toms had the status, duty, and authority of a responsible person.

5.      Toms concedes that he acted willfully in failing to remit the taxes.

6.      Toms was a responsible person acting willfully for the purposes of Section 6672 of the Internal Revenue Code.

III.    CONCLUSION

On the basis of the Court's findings of fact and conclusions of law, the Court concludes that Plaintiff Johnson has met her burden of proof with regard to all causes of action. The Court concludes that the United States has failed to meet its burden of proof that its assessment against Plaintiff Johnson should be reduced to a judgment. The Court concludes that the United States has met its burden of proof that is its assessment against Defendant Toms should be reduced to a judgment.

The Court GRANTS Plaintiff an abatement of the IRS assessment, GRANTS Plaintiff's tax refund claim, and GRANTS Plaintiff a judgment for the amount collected by the United States under the assessment. The Court DENIES the United States' request for the reduction of

ORDER, C09-1721-JCC
PAGE - 7

1   the assessment against Plaintiff Johnson to a judgment. The Court GRANTS the United States'

2   request for the reduction of the assessment against Defendant Toms to a judgment.

3

4          DATED this 15th day of February, 2011.

5

6

7

8

9          John C. Coughenour
           UNITED STATES DISTRICT JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER, C09-1721-JCC
PAGE - 8